IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNAMALAI ANNAMALAI | § | |
| d/b/a Swamiji Sri Selvam Siddhar, and | § | |
| SHIVA VISHNU TEMPLE OF TEXAS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1965 |
| | § | |
| NEWS CORP STAR US, L.L.C., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 18] filed by Defendant News Corp Star US, LLC ("News Corp"), to which Plaintiff Annamalai Annamalai[1] filed a Response [Doc. # 20], and News Corp filed a Reply [Doc. # 23].

---

[1]     It is unclear whether there is a single Plaintiff in this case, Annamalai Annamalai a/k/a Swamiji Sri Selvam Siddhar and Shiva Vishnu Temple of Texas, or whether Shiva Vishnu Temple of Texas is a separate Plaintiff. The Amended Complaint is entitled "Plaintiff's First Amended Original Petition" and begins "COMES NOW, Plaintiff, Annamalai Annamalai . . ." *See* Amended Complaint [Doc. # 14], p. 1. In the "Parties" section, reference is made to "Plaintiff Shiva Vishnu Temple of Texas," but "Plaintiffs" and "Plaintiff" are used throughout the Amended Complaint. The Prayer for relief is on behalf of "Plaintiff" only.

Each of the Responses to Defendants' Motions to Dismiss is entitled "Plaintiff's Response" and in the Introduction Section states that "Plaintiff is Annamalai Annamalai a/k/a Swamiji Sri Selvam Siddhar and Shiva Vishnu Temple of Texas." *See* Responses [Docs. # 20 and # 21], ¶ 1. Paragraph 2 of the Response to News Corp's Motion refers to "Plaintiffs," while Paragraph 2 of the Response to DISH's Motion refers to "Plaintiff." Paragraph 2 of the two Responses is otherwise identical.
(continued...)

Also pending is the Motion to Dismiss [Doc. # 19] filed by Defendant Dish Network L.L.C. ("DISH"), to which Plaintiff Annamalai filed a Response [Doc. # 21], and DISH filed a Reply [Doc. # 22]. Having reviewed the full record and applicable legal authorities, the Court **grants** both Motions to Dismiss.

## I.      BACKGROUND

Annamalai Annamalai alleges that he "engaged Defendants to promote and encourage [his] temple, reputation, and religious organization by broadcasting [his] promotional videos over their network in North America and around the world." *See* Amended Complaint, p. 6. Annamalai alleges that he entered into a written contract "with the terms of the agreement in which the advertisements that had already been reviewed and approved would be aired." *Id.* Plaintiff alleges that "soon after broadcasting began, Plaintiff was informed that Defendants were removing his promotional materials from rotation." *Id.* at 7. Plaintiff alleges that "Defendants['] actions have resulted in removing and blocking Plaintiff from remaining active in the Hindu community and fulfilling his devotion to his deity and his service to the Indian people." *Id.*

---

[1]      (...continued)
Paragraph 4 of each Response again refers only to "Plaintiff." In the Memorandum in support of the Responses, both "Plaintiffs" and "Plaintiff" are used interchangeably throughout.

Plaintiff filed this lawsuit in Texas state court, and Defendants filed a timely Notice of Removal. Following removal, Defendants each filed a Motion to Dismiss. After Plaintiff filed "Plaintiff's First Amended Original Petition" ("Amended Complaint"), the Court denied the original Motions to Dismiss as moot. In the Amended Complaint, Plaintiff asserts causes of action for fraudulent inducement, business disparagement, and tortious interference with prospective relations. Defendants filed Motions to Dismiss the Amended Complaint, the Motions have been fully briefed, and they are now ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its

face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

## III. ANALYSIS

### A. Fraudulent Inducement

Fraud-based claims, including fraudulent inducement, must satisfy the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. *See Shanadong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). The pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).

To state a fraudulent inducement claim, the plaintiff must allege "a misrepresentation; that defendant knew the representation was false and intended to induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led to plaintiff to suffer [*sic*] an injury through entering into the contract." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012). The plaintiff must allege and prove that "he would not have entered into the contract in the absence of the misrepresentation." *Id.*

In this case, Plaintiff fails to allege his fraudulent inducement claim with the particularity required by Rule 9. Plaintiff alleges that Defendants represented that they would broadcast Plaintiff's promotional videos, but alleges also that Defendants in fact began broadcasting the promotional materials. *See* Amended Complaint, p. 7. Plaintiff does not state with particularity what the alleged misrepresentations were, does not identify the speaker either by name or position, does not state when or where the alleged misrepresentations were made, and does not allege that he would not have entered into a contract to broadcast his advertisements in the absence of any alleged misrepresentations. As a result, Plaintiff has failed to state a fraudulent inducement claim and Defendants are entitled to dismissal of this claim.

### B. <u>Business Disparagement</u>

Plaintiff alleges that Defendants broadcast and then withdrew his advertisements, thereby disparaging him and his business. To state a viable business disparagement claim, the plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987)).

Plaintiff has failed to allege any false or disparaging information published about him by any Defendant in this case. Instead, it appears that Plaintiff complains that Defendants stopped broadcasting his advertisements based on false and disparaging information published on the internet *by unidentified third parties*. As a result, Defendants are entitled to dismissal of the business disparagement claim.

### C. <u>Interference with Prospective Relations</u>

Plaintiff alleges that Defendants' decision to stop broadcasting his advertisements caused him to suffer the loss of potential business. The elements of an interference with prospective relations are: "(1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an 'independently tortious or unlawful' act by the defendant that prevented the relationship from

occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference." *Celmer v. McGarry*, ___ S.W.3d ___, 2013 WL 4027179, *16 (Tex. App. – Dallas 2013) (citing *COC Servs., Ltd. v. CompUSA*, 150 S.W.3d 654, 679 (Tex. App. – Dallas 2004, pet. denied)).  The plaintiff is required to plead that he had either a business relationship that had not yet been reduced to a written contract or a continuing business relationship. *See Faucette v. Chantos*, 322 S.W.3d 901, 915 (Tex. App. – Houston [14th Dist.] 2010, no pet.).

In this case, Plaintiff has failed to identify a single business relationship that was lost because Defendants stopped broadcasting his advertisements.  As a result, Defendants are entitled to dismissal of the tortious interference with prospective relations claim.

## IV.     UNSERVED DEFENDANT AND LEAVE TO AMEND

### A.     Unserved Defendant Star India

The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967)

(citations omitted)).  In this case, News Corp and DISH have demonstrated that Plaintiff has failed to allege a factual basis for his causes of action.  Star India is an unserved but similarly situated defendant, and the dismissal of "Plaintiff's First Amended Original Petition" applies equally to the causes of action against Star India as well as to News Corp and DISH.

      **B.**     <u>**Leave to Amend**</u>

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In this case, Plaintiff, who is represented by counsel, filed an original petition, to which Defendants filed Motions to Dismiss identifying the deficiencies and the asserted bases for dismissal.  Plaintiff, through counsel, then filed his Amended Complaint with the same deficiencies and bases for dismissal. The key facts on which the causes of action could be based, if existing, would have been within Plaintiff's knowledge. It appears unlikely, therefore, that Plaintiff can amend to state viable claims for relief.  "'[I]t appears that a third chance to amend would prove to be futile.'"  *C&C Inv. Props., LLC v. FDIC*, 2013 WL 1136337, *3 (S.D. Miss. Mar. 18, 2013) (quoting *United States ex rel. Willard v.*

*Humana Health Plan of Tex. Inc*., 336 F.3d 375, 387 (5th Cir. 2003)). Consequently, the dismissal of this lawsuit is without leave to replead.

## V.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 18 and # 19] are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final order.

SIGNED at Houston, Texas this 19th day of **September, 2013**.

Nancy F. Atlas
United States District Judge